**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**CRIMINAL ACTION NO. 5:26-CR-22-KKC-MAS**

**UNITED STATES OF AMERICA** **PLAINTIFF**

**V.** **PLEA AGREEMENT**

**ASHLEY TAI ANDERSON** **DEFENDANT**

* * * * *

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Indictment, charging a violation of 18 U.S.C. § 2251(a), employing, using, persuading, inducing, enticing, and coercing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct. Pursuant to Rule 11(c)(1)(C), the United States and the Defendant agree to a specific sentence of 240 months. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss the remaining counts.

2. The essential elements of 18 U.S.C. § 2251(a) are:

   (a) The Defendant employed, used, persuaded, induced, enticed, or coerced a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct; and

(b) The Defendant knew or had reason to know that such visual depiction would be transported or transmitted using a means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, or the visual depiction was produced or transmitted using materials that were mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer.

3. As to Count 1, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) At all relevant times, Witness 1 had a close personal and/or familial relationship with Ashley Anderson ("Anderson" or "Defendant"); Victim 1, then seven years old, had a close personal and/or familial relationship with both Anderson and Witness 1; and Bruce Mitchell ("Mitchell") and Anderson were in a romantic relationship.

(b) From September 29, 2020, through October 3, 2020, Witness 1 engaged in intermittent phone contact with Anderson, during which Witness 1 recognized unusual behavior from Anderson, including claims by Anderson that Victim 1 was sticking foreign objects in his rectum. Anderson's behavior prompted Witness 1 to request that Anderson allow him to pick up Victim 1. Anderson initially denied or evaded these requests.

(c) On October 3, 2020, Anderson allowed Witness 1 to retrieve Victim 1. When Witness 1 retrieved Victim 1, Witness 1 found him in the front seat of Anderson's vehicle in a plastic pan, covered in feces, and wearing no pants or shoes. After taking Victim 1 home and cleaning him, Witness 1 and Witness 2 also saw bruises all over Victim 1's body.

(d) Discovery materials indicate that:

- Over the next 48 hours, Witness 1 took Victim 1 to two separate hospitals.
- The hospitals observed signs of physical abuse, but contrary to Anderson's claim, the hospitals failed to locate evidence that Victim 1 swallowed foreign objects or placed them in his rectum.
- However, the hospital located an injury to Victim 1's anus consistent with the injuries inflicted on Victim 1 in later-discovered videos.
- Forensic testing of Victim 1's hair showed that he had been given methamphetamine. The hospitals reported the suspected abuse to authorities.

(e) On October 4, 2020, detectives with the Lexington Police Department ("LPD") encountered Anderson and Mithcell at their home in Lexington. During Anderson's interview with LPD detectives, she described many of Victim 1's injuries but claimed she did not know how Victim 1 sustained the injuries. Anderson and/or Mitchell also claimed that Victim 1 had been causing chaos in the home by

drugging them, stealing their vehicle, spreading poop around the house, sticking things in his rectum, etc. During Anderson's interview, she showed LPD detectives media from her cell phone, including a video that depicted Victim 1's bruises and a photo that depicted an infant's anus.

(f) LPD detectives seized Anderson's phone and later searched it pursuant to a search warrant. Anderson's phone contained dozens of videos from September 28, 2020, through October 3, 2020, showing Anderson and Mitchell subjecting an often-unclothed Victim 1 to false accusations, ridicule, pain, humiliation, bodily injury, and anal penetration.

(g) Victim 1 is nude in the majority of the videos, and the videos frequently depict his anus or penis, with the penis or anus often serving as the focal point of the video. The videos also frequently depict the child bent over (an unnatural pose that is generally associated with sexual activity); bound (consistent with sadistic abuse); being subjected to pain and humiliation (consistent with sadistic abuse); and being anally penetrated by the perpetrators' fingers or a foreign object without a legitimate medical or disciplinary purpose (consistent with the definition of a "sexual act" under 18 U.S.C. § 2246). Anderson and Mitchell intended to create visual depictions of this conduct and knew the character/content of the videos. The conduct was facilitated by the use of force, threat, and/or the administration of drugs to Victim 1. The videos were produced using a cell phone that had been shipped in interstate or foreign commerce. Victim 1, a pre-pubescent child, was in Anderson

and Mitchell's care, custody, and/or supervisory control when the visual depictions were produced.

4. The statutory punishment for Count 1 is imprisonment for not less than 15 years and not more than 30 years, a fine of not more than $250,000, and a term of supervised release of not less than 5 years and up to life. A mandatory special assessment of $100.00 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea. An additional mandatory special assessment of $5,000 applies, pursuant to 18 U.S.C. § 3014, for non-indigent Defendants convicted of certain offenses, including those in chapter 110 (which includes the offense to which the Defendant is pleading guilty). The Defendant will pay this assessment to the U.S. District Court Clerk after the sentencing hearing, in accordance with the Judgment, if the Court determines the Defendant is non-indigent and orders such assessment to be paid. Moreover, the Defendant acknowledges that, pursuant to 18 U.S.C. §2259A(a)(3), an assessment per count of no more than $50,000 may apply to any person convicted of a child pornography production offense as defined by 18 U.S.C. § 2259(c)(1). Also, mandatory restitution under 18 U.S.C. § 2259 may be applied.

5. Pursuant to Rule 11(c)(1)(C), the United States and the Defendant agree to a specific sentence of 240 months' imprisonment, which binds the Court upon acceptance of this plea agreement. The Defendant's term of supervised release shall be ten years.

6. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2

7. The Defendant waives the right to appeal the guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

8. The Defendant consents to the forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the property listed in the forfeiture allegation of the Indictment. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offenses to which she is pleading guilty, as set forth in the forfeiture allegation of the Indictment. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2, and agrees take any steps necessary to assist the government in effectuating the surrender and forfeiture of the assets identified herein, including but not limited to executing any documents necessary for the surrender and transfer of title to the United States. The Defendant agrees not to file a claim or petition seeking remission or otherwise contesting the forfeiture of the assets identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that he/she already has submitted. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives his/her right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

9. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

10. The Defendant agrees to pay restitution in the amount and to the victim(s) as ordered at sentencing, pursuant to 18 U.S.C. § 3663(a)(3). The Defendant agrees that the restitution amount may include restitution for all losses caused by the Defendant's criminal conduct or through the commission of the offense of conviction, even if such losses resulted from crimes not charged or admitted by Defendant in the factual basis.

11. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete, sign, and return to the United States Attorney's Office a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. Upon request, the Defendant agrees to provide the United States Attorney's Office with records verifying her financial information or with any releases required to obtain such records, with such releases being valid for a period extending 90 days from the

date of sentencing. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. Prior to sentencing, the Defendant agrees to notify the United States Attorney's Office and obtain its consent before transferring, encumbering, or disposing of any interest in property with a value exceeding $1,000.00 owned or controlled directly or indirectly, individually or jointly, by the Defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The Defendant agrees to notify the United States Attorney's Office of any material changes in her economic circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

12. The Defendant understands that, by pleading guilty, she will be required to register as a sex offender upon her release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The Defendant also understands that, independent of supervised release, she will be subject to federal and state sex offender registration

requirements and that those requirements may apply throughout his life. The Defendant will be required to register with the sex offender registration agency in Kentucky and shall also register with the sex offender registration agency in any state or other jurisdiction where she resides, is employed, or is a student. The Defendant understands that she shall keep her registration current and shall notify the sex offender registration agency or agencies of any changes to her name, place of residence, employment, student status, information relating to intended foreign travel, or other relevant information. *See* 34 U.S.C. 20914(a) & (c). The Defendant shall comply with requirements to periodically verify in person her sex offender registration information. The Defendant understands that she will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. The Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon her release from confinement following conviction.

13. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The

Defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613. The Defendant expressly authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court. The Defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

14. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

15. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

16. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

17. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this

Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

JASON D. PARMAN
UNITED STATES ATTORNEY

Date: 10/19/2026 By: [signature]
Mary Melton
Aubrey Girouard
Assistant United States Attorneys

Date: 10-28-26 [signature]
Ashley Tai Anderson
Defendant

Date: 10/28/26 [signature]
Christopher Spedding
Attorney for Defendant